IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WALTER LUND,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____

Civ. No. 6:13-mc-314-MC

OPINION AND ORDER

MCSHANE, Judge:

    Petitioner, *pro se* and trustee of Insight Technology Group (ITG), brings this petition seeking to quash a subpoena, ECF No. 1, issued to ITG by the Internal Revenue Service (IRS).[1] Plaintiff moves to quash the petition because the summons has "expired"[2] and was improperly served under 26 U.S.C. § 7608. In response, the government (1) seeks to strike the petition because plaintiff is not an attorney and therefore cannot represent the rights of a third party, ECF No. 3, and (2) seeks to dismiss the petition for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted because plaintiff is barred by 26 U.S.C. § 7609

---

[1] The IRS issued the summons to ITG to discover information about "the '22 account" that would assist the IRS in collecting tax liabilities owed by plaintiff's son Robert and daughter-in-law Colleen. Mem. in Supp. of Resp't Mot. To Dismiss or to Den. Pet. 4, ECF No. 6. On August 16, 2013, the IRS obtained a monetary judgment against Robert and Cathleen Lund for more than $1.5 million. *Id*. at 2. The respondent provides multiple connections between plaintiff and Robert Lund, including: Robert Lund was listed as a signer on the '22 account from approximately 12/22/2008–9/29/2009, Decl. of Ron Robinson, ECF No. 7-2; many of the checks deposited into "the '22 account" were made out to Lund Performance Solutions (Robert Lund's former computer business), including eight checks between 6/26/12 and 5/23/13, *id*. at 2–15, ECF No. 7-3; Robert Lund has (or had) corporate control over ITG, *id*. at ¶ 10, ECF No. 7; and Robert Lund shares the same post office box address as petitioner, Mem. in Supp. of Resp't Mot. To Dismiss or to Den. Pet. 4, ECF No. 6.

[2] Petitioner's son, Robert Lund, made this same "expiration" argument in *Robert Lund v. United States of America*, Case No. 6:13-mc-00219-AA (D. Or. Nov. 12, 2013). However, Judge Aiken didn't assess this "expiration" claim, but dismissed the case because petitioner lacked standing.

1 – OPINION AND ORDER

from filing a petition to quash the summons, ECF No. 5. Upon review, respondent's motions

(ECF No. 3 & 5) are GRANTED.

First, respondent moves to strike the petition because Walter Lund is not an attorney and therefore cannot represent a third party, ITG. "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)). As in *C.E. Pope Equity Trust*;

> [i]n the instant case, the record shows no matter before [this Court] presented by, or on behalf of, [petitioner]. [Petitioner's] status as trustee is fiduciary; his statutory responsibility is the orderly administration of assets. Here the record does not identify the Trust's beneficiaries. Because [petitioner] is not the actual beneficial owner of the claims being asserted by [ITG] (so far as one can tell from the record), he cannot be viewed as a 'party' conducing his '*own* case personally' within the meaning of [28 U.S.C. § 1654]. He may not claim his status as trustee includes the right to present arguments *pro se* in federal court.

818 F.2d at 697-98 (citations omitted). In his responses, ECF No. 11 & 14, petitioner did not provide any evidence that he is an attorney or the real party in interest.[3] Accordingly, petitioner's pleading seeking to quash a subpoena, ECF No. 1, is STRICKEN.[4]

Second, respondent seeks to dismiss the petition for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted because petitioner lacks standing to bring this petition. To begin, the IRS may issue summons to any person for the purpose of gathering information to assist the IRS in collecting a tax. 26 U.S.C. § 7602(a)(2); *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1104 (9th Cir. 2011). If the summons is issued to a third party, generally "any person who is entitled to notice of a summons" is entitled to seek to quash the

---

[3] Note, on November 6, 2013, this Court provided petitioner with an "Advice Notice and Scheduling Order." Advice Notice and Scheduling Order, ECF No. 10. In this order, this Court informed petitioner that if he did "not submit [his] own evidence in opposition, this Court may strike [his] petition." *Id*.

[4] This Court does not provide petitioner leave to amend because he lacks standing to bring this petition.

2 – OPINION AND ORDER

third-party summons. 26 U.S.C. § 7609(b)(2)(a). However, 26 U.S.C. § 7609 prohibits certain third parties from petitioning to quash a summons. Respondent argues that 26 U.S.C. § 7609(c)(2)(D)(i) & (ii) preclude petitioner's standing to file his petition.

Under 26 U.S.C. § 7609(c)(2)(D)(i), notice is not required to a third party where the assessed taxpayer "has a recognizable [legal] interest in the records summoned." *Ip v. United States*, 205 F.3d 1168, 1176 (9th Cir. 2000) (interpreting 26 USC § 7609(d)(2)(B)); *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1105 n. 4 (9th Cir. 2011) (finding that 26 USC § 7609(d)(2)(B) is not materially different from 7609(c)(2)(D)). "[I]n considering whether a taxpayer has a sufficient legal interest in the object of the summons, [this Court] consider[s] whether there [is] an employment, agency, or ownership relationship between the taxpayer and third party." *Viewtech, Inc.*, 653 F.3d at 1106. Upon review of the facts, the assessed taxpayer, Robert Lund, has a sufficient legal interest in the '22 account to prohibit petitioner from filing his petition to quash.[5] *See supra* (footnote 2) (discussing Robert Lund's various connections to ITG); *see also Cranford v. United States*, 359 F.Supp2d 981, 987–988 (E.D. Cal. 2005) (finding a recognizable legal interest where petitioner was wife of taxpayer and taxpayer used the limited partnership to shield his assets from the IRS).

Under 26 U.S.C. § 7609(c)(2)(D)(ii), no notice is required when the summons is issued in order to assist with "the liability at law or in equity of any transferee or fiduciary" of the taxpayer subject to the assessment. Respondent contends that ITG is Robert Lund's transferee. In support of this contention, respondent provides evidence of eight checks issued to Lund Performance Solutions[6] that were deposited into the '22 account. Decl. of Ron Robinson 2–15, ECF No. 7-3.

---

[5] Petitioner provides no evidence or argument that Robert Lund does not have a legal interest in ITG.
[6] Robert Lund was the general partner of Lund Performance Solutions prior to dissolution. Decl. of Ron Robinson ¶ 9, ECF No. 7.

3 – OPINION AND ORDER

These funds were largely withdrawn in cash. *See id*. at 2–7, ECF No. 7-4. This evidence, particularly when uncontested, supports the conclusion that ITG was Robert Lund's transferee, "and therefore [ITF] was also disqualified from receiving notice under the clause (ii) exception." *Viewtech, Inc.*, 653 F.3d at 1106. Thus, petitioner lacks standing to file his petition to quash.

Accordingly, respondent's motions (ECF No. 3 & 5) are GRANTED. The petition and this action are DISMISSED.

IT IS SO ORDERED.

DATED this 31st day of December, 2013.

                                 s/ Michael J. McShane
                                   Michael J. McShane
                                   United States District Judge